IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| BRENDA CLEMONS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. |
| | ) | |
| KRAFT HEINZ FOODS COMPANY, LLC, | ) | |
| a foreign limited liability company, and | ) | |
| | ) | |
| SERVE: | ) | |
| CT CORPORATION SYSTEM | ) | |
| 208 South LaSalle Street, Suite 814 | ) | JURY TRIAL DEMANDED |
| Chicago, IL 60604, | ) | |
| | ) | |
| CAPRI SUN, INC., a foreign corporation, | ) | |
| | ) | |
| SERVE: | ) | |
| CT CORPORATION SYSTEM | ) | |
| 208 South LaSalle Street, Suite 814 | ) | |
| Chicago, IL 60604, | ) | |
| | ) | |
| Defendants. | ) | |

## **COMPLAINT**

COMES NOW Plaintiff, BRENDA CLEMONS, and for her causes of action against KRAFT HEINZ FOODS COMPANY, LLC, a foreign limited liability company, and CAPRI SUN, INC., a foreign corporation, (collectively the "Defendants") states as follows:

### **STATEMENT OF CASE**

1. This is an action brought to remedy, inter alia, Defendants' violations of Plaintiff's civil rights for the unlawful deprivation of Plaintiff's rights and privileges accorded her by the United States Constitution because of the Defendants unlawful retaliatory and discriminatory

1

practices against Plaintiff's civil rights pursuant to Title VII of the Civil Rights Act of 1964, as amended, the Illinois Human Rights Act, and 42 U.S.C. § 1981, as amended.

## JURISDICTION AND VENUE

2. This Honorable Court has jurisdiction pursuant to 42 U.S.C. 2000e-5 and 28 U.S.C. §§ 1331, 1343, 1367, and 42 U.S.C. §1981.

3. The amount in controversy exceeds $75,000.00 exclusive of interest and costs.

4. On July 9, 2019, Plaintiff received a notice of right to sue from the United States Equal Employment Opportunity Commission.

5. On September 4, 2019, Plaintiff received a notice of right to sue from the Illinois Department of Human Rights.

6. Defendant regularly and systematically conducts and transacts business associated with and in the counties comprising the Southern District of Illinois.

7. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391 as one or more defendants reside in the Southern District of Illinois and/or a substantial part of the events giving rise to the claim occurred in the counties comprising the Southern District of Illinois.

## PARTIES

8. Plaintiff, BRENDA CLEMONS ("CLEMONS"), is a 55-year-old African American female who resides in the City of Cahokia, County of St. Clair, State of Illinois.

9. At all times material herein, Defendant, KRAFT HEINZ FOODS COMPANY, LLC, a foreign limited liability company ('KRAFT"), was an employer within the meaning of the Civil Rights Act of 1964.

10. At all times material herein, KRAFT, was an employer within the Meaning of the

Illinois Human Rights Act.

11. At all times material herein, Defendant, CAPRI SUN, INC., a foreign corporation ("CAPRI"), was an employer within the meaning of the Civil Rights Act of 1964.

12. At all times material herein, CAPRI, was an employer within the Meaning of the Illinois Human Rights Act.

## COMMON ALLEGATIONS

13. Plaintiff, CLEMONS, was hired by Defendants, KRAFT and CAPRI, in approximately September 2000.

14. Plaintiff was hired as a machine operator in the Pouch Department in Defendants' production facility located in Granite City, Illinois ("Facility").

15. In 2018, CLEMONS was assigned a new lead, Shannon Bouck ("Bouck"), in the Pouch Department.

16. Bouck is a white female who began having confrontations with her non-white coworkers.

17. Prior to Bouck's new assignment, CLEMONS had not received any significant discipline or counseling concerning her job performance during her 17 years of working for Defendants.

18. On or about September 10, 2018, Bouck accused CLEMONS of violating the Facility's cell phone policy, an allegation CLEMONS denies.

19. CLEMONS believed that the September 10, 2018 interaction was just the latest iteration of the disparate treatment minority employees received by Bouck.

20. On September 11, 2018, CLEMONS complained to the Defendants' Ethics and

Complaint Hotline.

21. In November 2018, CLEMONS began to receive written reprimands for common practices that were overlooked or ignored if a younger white male employee engaged in the same conduct.

22. On or about November 26, 2018, CLEMONS was disciplined for allegedly not informing her hourly lead that there was a pouch defect. CLEMONS contested the claim through the Defendants' Issue Resolution Process and successfully had her discipline reduced.

23. Clemons filed additional complaints on November 28, 2018, November 29, 2018, and December 11, 2018.

24. Prior to 2018, CLEMONS had never made any complaints about discrimination while working for the Defendants.

25. In December 2018, CLEMONS and two other minority coworkers met with Defendants' Human Resource Department to discuss the issues they were having in the Pouch Department.

26. Bouck walked by the office where the meeting was taking place, and it became apparent that Bouck observed CLEMONS talking with Human Resources.

27. After the meeting Human Resources told CLEMONS and another minority employee that their supervisor wanted to speak with them.

28. CLEMONS and the other minority coworker waited in the office for their supervisor, but before the meeting took place, the coworker was told that the supervisor only wanted to meet with CLEMONS.

29. On December 10, 2018, CLEMONS was written up for allegedly speaking loudly

4

in reference to previous discipline. Plaintiff denies the allegations contained in the December 10, 2018 discipline.

30. On December 19, 2018, CLEMONS was written up again for the same alleged incident Plaintiff previously denied. No new allegations were set forth. CLEMONS again denied violating any company policy.

31. On December 19, 2018 CLEMONS was also written up for failing to perform a pouch check.

32. CLEMONS contested the writeups, and denied that she had violated any company policies.

33. Younger white male employees were not subject to the same level of scrutiny as CLEMONS and were not disciplined for the conduct CLEMONS was accused of committing.

34. On January 8, 2019, CLEMONS was told that she was suspended without pay.

35. Historically, a suspension would only last three days.

36. After three days CLEMONS inquired about her status, but no one would tell her if she was or was not still employed with Defendants.

37. On or about March 21, 2019, CLEMONS was terminated.

### COUNT I
### (Civil Rights Act –Race Discrimination KRAFT AND CAPRI)

38. Plaintiff restates and realleges paragraphs 1-37 of this Complaint as if fully stated herein.

39. At all relevant times, Defendants KRAFT and CAPRI were employers and/or were agents covered by and within the meaning of the Civil Rights Act.

5

40. Plaintiff's race was a motivating factor in Defendants KRAFT and CAPRI's wrongful discriminatory treatment described and set forth above including, but not limited to Plaintiff's termination.

41. Defendants KRAFT and CAPRI's actions were intentional with reckless indifference to Plaintiff's rights and sensibilities.

42. Defendants KRAFT and CAPRI and their agents, representatives and employees treated Plaintiff differently than similarly situated employees based on unlawful consideration of her race.

43. As a direct and proximate result of Defendants KRAFT and CAPRI's wrongful acts, Plaintiff has sustained injuries and damages. These include, but are not limited to, the following: past and future wage loss; past and future lost earning capacity; loss of career opportunities; shame, humiliation, embarrassment, anxiety, loss of sleep and interference with her enjoyment of life; and emotional distress, all of which will continue into the future.

44. All of the actions of Defendants KRAFT and CAPRI were intentional, careless and/or reckless and performed in complete disregard of the law and the rights of Plaintiff, for which conduct and actions, punitive damages are properly imposed in such amounts as will punish Defendants KRAFT and CAPRI for their wrongful conduct and deter it and others from like conduct in the future.

WHEREFORE, Plaintiff prays that judgment be entered against Defendants KRAFT and CAPRI and that Plaintiff be awarded past, present and future lost wages and benefits; compensatory damages, punitive and exemplary damages; interest, costs and reasonable attorneys' fees and expert witness fees; any other relief afforded Plaintiff under the Civil Rights Act, and all

other relief deemed just and equitable.

## COUNT II
### (Illinois Human Rights Act – Race Discrimination KRAFT and CAPRI)

45. Plaintiff restates and realleges paragraphs 1-37 of this Complaint as if fully stated herein.

46. At all relevant times, Defendants, KRAFT and CAPRI, were employers and/or agents covered by and within the meaning of the Illinois Human Rights Act.

47. Plaintiff's race was a motivating factor in Defendants, KRAFT and CAPRI's, wrongful discriminatory treatment described and set forth above, including but not limited to Plaintiff's termination.

48. Defendants, KRAFT and CAPRI's, actions were intentional with reckless indifference to Plaintiff's rights and sensibilities.

49. Defendant GPC and its agents, representatives and employees treated Plaintiff differently than similarly situated employees based on unlawful consideration of race.

50. As a result of Defendants, KRAFT and CAPRI's wrongful acts, Plaintiff has sustained injuries and damages. These include, but are not limited to, the following: past and future wage loss; past and future lost earning capacity; loss of career opportunities; shame, humiliation, embarrassment, anxiety, loss of sleep and interference with her enjoyment of life; and emotional distress, all of which will continue into the future.

51. All of the actions of Defendants, KRAFT and CAPRI, were intentional, careless and/or reckless and performed in complete disregard of the law and the rights of Plaintiff, for

which conduct and actions, punitive damages are properly imposed in such amounts as will punish Defendants, KRAFT and CAPRI, for their wrongful conduct and deter it and others from like conduct in the future.

WHEREFORE, Plaintiff prays that judgment be entered against Defendants, KRAFT and CAPRI and that Plaintiff be awarded past, present and future lost wages and benefits; compensatory damages, punitive and exemplary damages; interest, costs and reasonable attorneys' fees and expert witness fees; any other relief afforded Plaintiff under The Illinois Human Rights Act, and all other relief deemed just and equitable.

## COUNT III
### (Civil Rights Act –Sex Discrimination KRAFT AND CAPRI)

52. Plaintiff restates and realleges paragraphs 1-37 of this Complaint as if fully stated herein.

53. At all relevant times, Defendants KRAFT and CAPRI were employers and/or were agents covered by and within the meaning of the Civil Rights Act.

54. Plaintiff's sex was a motivating factor in Defendants KRAFT and CAPRI's wrongful discriminatory treatment described and set forth above including, but not limited to Plaintiff's termination.

55. Defendants KRAFT and CAPRI's actions were intentional with reckless indifference to Plaintiff's rights and sensibilities.

56. Defendants KRAFT and CAPRI and their agents, representatives and employees treated Plaintiff differently than similarly situated employees based on unlawful consideration of her race.

57. As a direct and proximate result of Defendants KRAFT and CAPRI's wrongful acts, Plaintiff has sustained injuries and damages. These include, but are not limited to, the following: past and future wage loss; past and future lost earning capacity; loss of career opportunities; shame, humiliation, embarrassment, anxiety, loss of sleep and interference with her enjoyment of life; and emotional distress, all of which will continue into the future.

58. All of the actions of Defendants KRAFT and CAPRI were intentional, careless and/or reckless and performed in complete disregard of the law and the rights of Plaintiff, for which conduct and actions, punitive damages are properly imposed in such amounts as will punish Defendants KRAFT and CAPRI for their wrongful conduct and deter it and others from like conduct in the future.

WHEREFORE, Plaintiff prays that judgment be entered against Defendants KRAFT and CAPRI and that Plaintiff be awarded past, present and future lost wages and benefits; compensatory damages, punitive and exemplary damages; interest, costs and reasonable attorneys' fees and expert witness fees; any other relief afforded Plaintiff under the Civil Rights Act, and all other relief deemed just and equitable.

## COUNT IV
**(Illinois Human Rights Act –Sex Discrimination KRAFT and CAPRI)**

59. Plaintiff restates and realleges paragraphs 1-37 of this Complaint as if fully stated herein.

60. At all relevant times, Defendants, KRAFT and CAPRI, were employers and/or agents covered by and within the meaning of the Illinois Human Rights Act.

9

61. Plaintiff's sex was a motivating factor in Defendants, KRAFT and CAPRI's, wrongful discriminatory treatment described and set forth above, including but not limited to Plaintiff's termination.

62. Defendants, KRAFT and CAPRI's, actions were intentional with reckless indifference to Plaintiff's rights and sensibilities.

63. Defendant GPC and its agents, representatives and employees treated Plaintiff differently than similarly situated employees based on unlawful consideration of race.

64. As a result of Defendants, KRAFT and CAPRI's wrongful acts, Plaintiff has sustained injuries and damages. These include, but are not limited to, the following: past and future wage loss; past and future lost earning capacity; loss of career opportunities; shame, humiliation, embarrassment, anxiety, loss of sleep and interference with her enjoyment of life; and emotional distress, all of which will continue into the future.

65. All of the actions of Defendants, KRAFT and CAPRI, were intentional, careless and/or reckless and performed in complete disregard of the law and the rights of Plaintiff, for which conduct and actions, punitive damages are properly imposed in such amounts as will punish Defendants, KRAFT and CAPRI, for their wrongful conduct and deter it and others from like conduct in the future.

WHEREFORE, Plaintiff prays that judgment be entered against Defendants, KRAFT and CAPRI that Plaintiff be awarded past, present and future lost wages and benefits; compensatory damages, punitive and exemplary damages; interest, costs and reasonable attorneys' fees and expert witness fees; any other relief afforded Plaintiff under The Illinois Human Rights Act, and all other relief deemed just and equitable.

## COUNT V
### (Civil Rights Act –Age Discrimination KRAFT AND CAPRI)

66. Plaintiff restates and realleges paragraphs 1-37 of this Complaint as if fully stated herein.

67. At all relevant times, Defendants KRAFT and CAPRI were employers and/or were agents covered by and within the meaning of the Civil Rights Act.

68. Plaintiff's age was a motivating factor in Defendants KRAFT and CAPRI's wrongful discriminatory treatment described and set forth above including, but not limited to Plaintiff's termination.

69. Defendants KRAFT and CAPRI's actions were intentional with reckless indifference to Plaintiff's rights and sensibilities.

70. Defendants KRAFT and CAPRI and their agents, representatives and employees treated Plaintiff differently than similarly situated employees based on unlawful consideration of her race.

71. As a direct and proximate result of Defendants KRAFT and CAPRI's wrongful acts, Plaintiff has sustained injuries and damages. These include, but are not limited to, the following: past and future wage loss; past and future lost earning capacity; loss of career opportunities; shame, humiliation, embarrassment, anxiety, loss of sleep and interference with her enjoyment of life; and emotional distress, all of which will continue into the future.

72. All of the actions of Defendants KRAFT and CAPRI were intentional, careless and/or reckless and performed in complete disregard of the law and the rights of Plaintiff, for which conduct and actions, punitive damages are properly imposed in such amounts as will punish

Defendants KRAFT and CAPRI for their wrongful conduct and deter it and others from like conduct in the future.

WHEREFORE, Plaintiff prays that judgment be entered against Defendants KRAFT and CAPRI and that Plaintiff be awarded past, present and future lost wages and benefits; compensatory damages, punitive and exemplary damages; interest, costs and reasonable attorneys' fees and expert witness fees; any other relief afforded Plaintiff under the Civil Rights Act, and all other relief deemed just and equitable.

## COUNT VI
### (Illinois Human Rights Act –Age Discrimination KRAFT and CAPRI)

73. Plaintiff restates and realleges paragraphs 1-37 of this Complaint as if fully stated herein.

74. At all relevant times, Defendants, KRAFT and CAPRI, were employers and/or agents covered by and within the meaning of the Illinois Human Rights Act.

75. Plaintiff's age was a motivating factor in Defendants, KRAFT and CAPRI's, wrongful discriminatory treatment described and set forth above, including but not limited to Plaintiff's termination.

76. Defendants, KRAFT and CAPRI's, actions were intentional with reckless indifference to Plaintiff's rights and sensibilities.

77. Defendant GPC and its agents, representatives and employees treated Plaintiff differently than similarly situated employees based on unlawful consideration of race.

78. As a result of Defendants, KRAFT and CAPRI's wrongful acts, Plaintiff has sustained injuries and damages. These include, but are not limited to, the following: past and future wage loss; past and future lost earning capacity; loss of career opportunities; shame,

humiliation, embarrassment, anxiety, loss of sleep and interference with her enjoyment of life; and emotional distress, all of which will continue into the future.

79. All of the actions of Defendants, KRAFT and CAPRI, were intentional, careless and/or reckless and performed in complete disregard of the law and the rights of Plaintiff, for which conduct and actions, punitive damages are properly imposed in such amounts as will punish Defendants, KRAFT and CAPRI, for their wrongful conduct and deter it and others from like conduct in the future.

WHEREFORE, Plaintiff prays that judgment be entered against Defendants, KRAFT and CAPRI that Plaintiff be awarded past, present and future lost wages and benefits; compensatory damages, punitive and exemplary damages; interest, costs and reasonable attorneys' fees and expert witness fees; any other relief afforded Plaintiff under The Illinois Human Rights Act, and all other relief deemed just and equitable.

## COUNT VII
### (Civil Rights Act – Retaliation KRAFT and CAPRI)

80. Plaintiff restates and realleges paragraphs 1-37 of this Complaint.

81. At all relevant times, Defendants, KRAFT and CAPRI were employers covered by and within the meaning of the Civil Rights Act of 1964.

82. Plaintiff's complaints about Defendant KRAFT and CAPRI's discriminatory conduct was a motivating factor in Defendants' wrongful discriminatory treatment described and set forth above.

83. Defendants' actions were intentional with reckless indifference to Plaintiff's rights and sensibilities.

84. Defendants and their agents, representatives and employees treated Plaintiff differently than similarly situated employees based on unlawful consideration of race.

85. As a direct and proximate result of Defendants' wrongful acts, Plaintiff has sustained injuries and damages. These include, but are not limited to the following: past and future wage loss; past and future lost earning capacity; past and future loss of fringe benefits; loss of career opportunities; physical pain and suffering; shame, humiliation, embarrassment, anxiety, loss of sleep and interference with her enjoyment of life; and emotional distress, all of which will continue into the future.

86. All of the actions of Defendants KRAFT and CAPRI were intentional, careless and/or reckless and performed in complete disregard of the law and the rights of Plaintiff, for which conduct and actions, punitive damages are properly imposed in such amounts as will punish Defendants for their wrongful conduct and deter it and others from like conduct in the future.

WHEREFORE, Plaintiff prays that judgment be entered against Defendants and that Plaintiff be awarded past, present and future lost wages and benefits; compensatory damages, punitive and exemplary damages; interest, costs and reasonable attorneys' fees; any other relief afforded Plaintiff under The Civil Rights Act, and all other relief deemed just and equitable.

## COUNT VIII
### (Illinois Human Rights Act- Retaliation KRAFT and CAPRI)

87. Plaintiff restates and realleges paragraphs 1-37 of this Complaint.

88. At all relevant times, Defendants KRAFT and CAPRI were employers covered by and within the meaning of the Illinois Human Rights Act.

89. Plaintiff's complaints about Defendant KRAFT and CAPRI's discriminatory conduct was a motivating factor in Defendants' wrongful discriminatory treatment described and set forth above.

90. Defendants' actions were intentional with reckless indifference to Plaintiff's rights and sensibilities.

91. Defendants and their agents, representatives and employees treated Plaintiff differently than similarly situated employees based on unlawful consideration of race.

92. As a direct and proximate result of Defendants' wrongful acts, Plaintiff has sustained injuries and damages. These include, but are not limited to the following: past and future wage loss; past and future lost earning capacity; past and future loss of fringe benefits; loss of career opportunities; physical pain and suffering; shame, humiliation, embarrassment, anxiety, loss of sleep and interference with her enjoyment of life; and emotional distress, all of which will continue into the future.

93. All of the actions of Defendants were intentional, careless and/or reckless and performed in complete disregard of the law and the rights of Plaintiff, for which conduct and actions, punitive damages are properly imposed in such amounts as will punish Defendants for their wrongful conduct and deter it and others from like conduct in the future.

WHEREFORE, Plaintiff prays that judgment be entered against Defendants KRAFT and CAPRI and that Plaintiff be awarded past, present and future lost wages and benefits; compensatory damages, punitive and exemplary damages; interest, costs and reasonable attorneys' fees; any other relief afforded Plaintiff under the Illinois Human Rights Act, and all other relief deemed just and equitable.

## COUNT IX
### (42 U.S.C. § 1981 KRAFT and CAPRI )

94. Plaintiff restates and realleges paragraphs 1-37 of this Complaint.

95. Defendants violated United States law, specifically 42 U.S.C. § 1981, by wrongfully terminating Plaintiff's employment and subjecting her to harassment and/or discriminatory conduct.

96. Plaintiff was treated differently by the Defendants than white employees.

97. Upon information and belief, the atmosphere at Defendants' facility was racially charged.

98. Plaintiff's race was a motivating factor in Defendants' wrongful discriminatory treatment described and set forth above including, but not limited to Plaintiff's termination.

99. Defendants' actions were intentional with reckless indifference to Plaintiff's rights and sensibilities.

100. As a direct and proximate result of Defendants' wrongful acts, Plaintiff has sustained injuries and damages. These include, but are not limited to the following: past and future wage loss; past and future lost earning capacity; loss of career opportunities; shame, humiliation, embarrassment, anxiety, loss of sleep and interference with her enjoyment of life; and emotional distress, all of which will continue into the future.

101. All of the actions of Defendants were intentional, careless and/or reckless and performed in complete disregard of the law and the rights of Plaintiff, for which conduct and actions, punitive damages are properly imposed in such amounts as will punish Defendants for their wrongful conduct and deter it and others from like conduct in the future.

WHEREFORE, Plaintiff prays that judgment be entered against Defendants and that Plaintiff be awarded past, present and future lost wages and benefits; compensatory damages, punitive and exemplary damages; interest, costs and reasonable attorneys' fees and expert witness fees; any other relief afforded Plaintiff under 42 U.S.C. § 1981, and all other relief deemed just and equitable.

Respectfully submitted,

THE FURNISS LAW FIRM, LLC

/s/ Joshua G. Miller
Joshua G. Miller (IL# 6279290)
Ryan M. Furniss (IL# 6282915)
222 South Central Avenue, Suite 1004
Saint Louis, MO 63105
(314) 899-9101
(314) 627-5891 (fax)
jmiller@furnisslaw.com
rfurniss@furnisslaw.com